IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JASON WILBANKS, | : | |
| | : | Civil Action No. |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| OFFICER MICHAEL GOODSON, | : | **JURY TRIAL DEMANDED** |
| OFFICER ANDRE SIMPSON, | : | |
| individually and in their capacities as police | : | |
| officers for the City of Philadelphia; | : | |
| JOHN DOE and RICHARD ROE, unknown | : | |
| police officers for the City of Philadelphia; | : | |
| and CITY OF PHILADELPHIA, | : | |
| | : | |
| Defendants. | : | |

## COMPLAINT

## JURISDICTION

1.  This action is an action for money damages brought pursuant to 42 U.S.C. §1983, the Fourth and Fourteenth Amendments to the United States Constitution, and under the common law of the Commonwealth of Pennsylvania . Jurisdiction is based upon 28 U.S.C. §§1331 and 1343 (1), (3), (4) and the aforementioned statutory provision. Plaintiff further invokes the pendent jurisdiction of this Court to hear and decide claims arising under state law.

## PARTIES

2.  Plaintiff, Jason Wilbanks, is a resident of Philadelphia, Pennsylvania, and is of full age.

3.  Defendant Michael Goodson, Badge No. 4251, is, and was, at all relevant times, an officer of the Philadelphia Police Department, 35th Police District, and was a police officer of the Philadelphia Police Department, and was acting in such capacity as an agent, servant and

employee of the City of Philadelphia and its Police Department, was acting under the direction and control of the City and its Police Department, and was acting pursuant to either official or unofficial policy or the custom, practice, and usage of the City and its Police Department. Further, defendant was acting under the color of state law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the City of Philadelphia.  He is being sued in both his individual and official capacities.

4. Defendant Andre Simpson, Badge No. 4108, is, and was, at all relevant times,  an officer of the city of  Philadelphia Police Department, 35th Police District, and was a police officer of the Philadelphia Police Department, and was acting in such capacity as an agent, servant and employee of the City of Philadelphia and its Police Department, was acting under the direction and control of the City and its Police Department, and was acting pursuant to either official or unofficial policy or the custom, practice, and usage of the City and its Police Department.  Further, defendant was acting under the color of state law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the City of Philadelphia.  He is being sued in both his individual and official capacities.

5. Defendants John Doe and Richard Roe are, and were, at all relevant times, unknown police officers of the city of Philadelphia Police Department, and were acting in such capacity as agents, servants and employees of the City of Philadelphia and its Police Department, were acting under the direction and control of the City and its Police Department, and were acting pursuant to either official or unofficial policy or the custom, practice, and usage of the City and its Police Department.  Further, defendants were acting under the color of state law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages and acting

under the color of state law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the Commonwealth of Pennsylvania and/or the City of Philadelphia. They are being sued in both their individual and official capacities.

6. Defendant City of Philadelphia is a municipality of the Commonwealth of Pennsylvania and owns, operates, manages, directs and controls the Philadelphia Police Department, which employs the other named defendants. In this cause of action, the City acted, or failed to act, through its agents, employees, servants, who are, or were, policy-makers for the Philadelphia Police Department, and for the conduct of the police officers employed by the department.

## FACTS

7. On July 20, 2006 at approximately 3:00 p.m., Plaintiff was standing on Virginian Road at the intersection of Chew Avenue in the Olney section of Philadelphia, Pennsylvania.

8. In addition to Plaintiff, three other men were socializing on this corner.

9. Police Officers Michael Goodson and Andre Simpson were in the area of Virginian Road and Chew Avenue on routine patrol in an unmarked police vehicle.

10. Officers Goodson and Simpson were traveling on Chew Avenue, when they allegedly observed one of the men, not Plaintiff, smoking a marijuana cigarette.

11. Instead of stopping the man who was smoking the marijuana cigarette, Officer Simpson approached Plaintiff and asked him whether he had anything on his person that would hurt or stick the officer, and informed him that he was going to search him.

12. Plaintiff responded that he did not have anything on him, and calmly asked the officer why he wanted to search him.

13.`     When Officer Simpson insisted on searching Plaintiff, Plaintiff told the officer that he had no legal right to search him.

14.     Angered by Plaintiff's response, and without any provocation from Plaintiff, Officer Simpson grabbed Plaintiff's right arm and pulled it behind his back.

15.     Officer Simpson then threw Plaintiff over a three-and-one-half foot high cement wall and pushed his face into the dirt.

16.     At this point, Officer Goodson came over and told Plaintiff that, "If Plaintiff had a gun, he [Officer Goodson] was going to shoot him."

17.     Officer Simpson spun Plaintiff around and threw him face down on the sidewalk.

18.     The officers handcuffed Plaintiff while he was on the ground.

19.     Fearing for his safety, Plaintiff told the officers that he was calm and not a problem.

20.     Despite the fact Plaintiff was complying with the officers, and without cause or justification, Officer Goodson began punching Plaintiff about his body.

21.     Despite the fact Plaintiff was complying with the officers, and without cause or justification, Officer Simpson then pepper sprayed Plaintiff.

22.     The officers only stopped assaulting Plaintiff when several concerned citizens attempted to vocally intervene on Plaintiff's behalf, and confronted the officers about their unnecessary and abusive treatment of Plaintiff.

23.     Plaintiff believes and, therefore, alleges, that prior to his assault, Officer Goodson radioed for backup.  As a result, several other police officers, defendant Officers John Doe and Richard Roe, arrived at the scene, and along with Officers Goodson and Simpson, assaulted

Plaintiff, and participated in his unlawful restraint and arrest.

24. Plaintiff was arrested and taken into custody.

25. Plaintiff, who was bleeding and in great physical pain, was immediately transported in a police vehicle to the emergency room of Einstein Hospital, where he was treated for the injuries inflicted by Officer Simpson, Officer Goodson, Officer John Doe, and Officer Richard Roe (collectively "Defendant Officers"), and discharged.

26. Police officers then took Plaintiff to the 35th Police District at Broad and Champlost Street for processing.

27. Plaintiff kept vomiting in his cell and, approximately three hours after he arrived at the police station, his cell mates advised the police that Plaintiff needed medical attention.

28. Police Officers again transported Plaintiff to Einstein Hospital where he was once again treated and released.

29. The Defendant Officers did not arrest the male who was smoking the marijuana.

30. At the time that the Defendant Officers unlawfully accosted, assaulted, and arrested Plaintiff, they searched him.

31. However, the Defendant Officers found no drugs or weapons on Plaintiff's person during their search.

32. After Plaintiff was arrested and removed from the scene, Defendant Officers and other police officers apparently seized narcotics from the inside of a car which police claim Plaintiff was standing near at the time of their stop of Plaintiff.

33. At no time during the events described above was Plaintiff intoxicated, under the influence of narcotics or other drugs, incapacitated, a threat to the safety of himself or others, or

disorderly.

34. At no time did Plaintiff commit any offenses.

35. As a direct and proximate result of the actions of Defendant Officers, Plaintiff was falsely arrested and charged with two counts of simple assault, two counts of resisting arrest, two counts of aggravated assault, possession of narcotics and possession of narcotics with an intent to distribute.

36. On March 8, 2007, Plaintiff appeared for his Preliminary Hearing before the Honorable Nazario Jimenez of the Municipal Court of Philadelphia, First Judicial District of Pennsylvania, Criminal Trial Division.

37. Judge Jimenez dismissed both counts of aggravated assault.

38. On July 6, 2007, Plaintiff appeared for a Motion to Suppress Evidence and waiver trial before the Honorable Lillian Ransom of the Court of Common Pleas, Criminal Trial Division.

39. During the course of the hearing, Officers Simpson and Goodson testified, and admitted that they had not observed the Plaintiff engage in any criminal activity.

40. At the conclusion of the hearing, Judge Ransom granted Plaintiff's suppression motion, finding that the officers lacked both reasonable suspicion and probable cause to detain the defendant for investigation since they admitted that they had not observed the Plaintiff engage in any criminal activity.

41. Additionally, Judge Ransom specifically found that Officer Goodson's testimony regarding his discovery of the drugs was not credible.

42. The Commonwealth subsequently withdrew the prosecution of Plaintiff.

43.     Defendant Officers had no warrant for the arrest of Plaintiff, no probable cause for either the detention or arrest of Plaintiff, and no legal cause or excuse to seize the person of Plaintiff.

44.     At all times during the events described above, Defendant Officers were engaged in a joint venture. The individual officers assisted each other in performing the various actions described and lent their physical presence ad support and the authority of their office to each other during the said events.

45.     As a direct and proximate result of the said acts of the Defendant Officers, Plaintiff suffered the following injuries and damages:

  a.  Violation of his constitutional rights under the Fourth and Fourteenth Amendments to the United States Constitution to be free from an unreasonable search and seizure of his person;

  b.  Loss of his physical liberty;

  c.  Physical and emotional injury, pain, suffering and trauma, requiring the expenditure of money for treatment; and

  d.  Emotional distress, humiliation and embarrassment.

46.     The actions of the Defendant Officers violated the following clearly well established and well settled federal constitutional rights of Plaintiff:

  a.  Freedom from the unreasonable seizure of his person; and

  b.  Freedom from the use of excessive, unreasonable and unjustified force against his person.

47.     Plaintiff alleges that Defendant Officers, in their individual and joint capacities,

made an unreasonable search and seizure of the person of Plaintiff, assaulted and battered Plaintiff, and falsely arrested and imprisoned Plaintiff. Plaintiff alleges that these violations and torts were committed in violation of Plaintiff's rights under the Fourth and Fourteenth Amendments of the United States Constitution, and common law. It is further alleged that these violation and torts were committed as a result of policies and customs of the City of Philadelphia.

## COUNT I

### Violation of 42 U.S.C. § 1983 Against Individual Defendants

48. Paragraphs 1 through 47 are incorporated herein by reference as if set forth fully.

49. As a direct and proximate result of Defendant Officers's above-described actions against Plaintiff, which was committed under color of law and under each individual's authority as a Philadelphia Police Officer, Plaintiff suffered mental anguish, grievous bodily harm, and was deprived of his right to be secure in his person, against unreasonable seizure of his person and the use of excessive force, in violation of the Fourth and Fourteenth Amendments of the Constitution of the United States and 42 U.S.C. §1983.

50. As a direct and proximate result of the malicious and outrageous conduct of Defendant Officers, Plaintiff suffered serious physical and emotional injuries, and will suffer additional damages in the future in amounts yet to be determined.

51. Defendant Officers' actions were intentional, wanton, malicious and oppressive, thus entitling Plaintiff to an award of punitive damages against Defendant Officers in their individual capacities.

**WHEREFORE**, Plaintiff prays for judgment against Defendant Officers, jointly and severally, for compensatory damages, punitive damages, costs, interest, attorney fees pursuant to

42 U.S.C. §1988, and such other relief as the Court deems just under the circumstances.

## COUNT II

### Assault and Battery Against Individual Defendants

52. Paragraphs 1 through 51 are incorporated herein by reference as if set forth fully.

53. Defendant Officers's above-described unlawful acts against Plaintiff including, but not limited to, punching and pepper spraying him, were intentional.

54. Defendant Officers' s physical assault and battery against Plaintiff was completely unjustified and without reason.

55. As a direct and proximate result of Defendant Officers's assault and battery of Plaintiff, Plaintiff suffered, and continues to suffer, serious physical injuries, pain and suffering, as well as, serious mental anguish, psychological and emotional distress, some of which may be permanent.

56. Defendant Officers' s physical attack on Plaintiff was malicious, mentally and physically abusive, wanton, outrageous and intentional, thereby entitling Plaintiff to punitive damages against Defendant Officers.

**WHEREFORE**, Plaintiff prays for judgment against Defendant Officers, jointly and severally, for compensatory damages, punitive damages, costs, interest, attorney fees pursuant to 42 U.S.C. §1988, and such other relief as the Court deems just under the circumstances.

## COUNT III

### False Arrest and Illegal Imprisonment Against Individual Defendants

57. Paragraphs 1 through 56 are incorporated herein by reference as if set forth fully.

58. Defendant Officers knew, or should have known, that they had no probable cause

or legal justification to detain Plaintiff.

59. Defendant Officers had no legal justification or no probable cause for Plaintiff's arrest.

60. As a result of Defendant Officers's unlawful actions, Plaintiff was illegally detained, arrested and imprisoned without just or probable cause.

61. The false criminal charges against Plaintiff, and his wrongful imprisonment, due to Defendant Officers's lack of any legitimate cause or justification, were intentional, malicious, reckless, and in bad faith.

62. As a direct and proximate result of Defendant Officers's illegal and false detention, arrest, and imprisonment of Plaintiff, Plaintiff was deprived of his rights, privileges and immunities under the Fourth and Fourteenth Amendments to the United States Constitution and the laws of the Commonwealth of Pennsylvania.

**WHEREFORE**, Plaintiff prays for judgment against Defendant Officers, jointly and severally, for compensatory damages, punitive damages, costs, interest, attorney fees pursuant to 42 U.S.C. §1988, and such other relief as the Court deems just under the circumstances.

## COUNT IV

### Malicious Prosecution Against Individual Defendants

63. Paragraphs 1 through 62 are incorporated herein by reference as if set forth fully.

64. Defendant Officers, acting individually or together in concert, caused criminal charges to be filed against Plaintiff.

65. Defendant Officers assisted in the prosecution of those criminal charges by preparing reports, making statements to investigators, prosecutors or other police personnel,

which were based upon their illegal detention and search of Plaintiff, and warrantless and illegal search of the motor vehicle, in which Defendant Officers claimed they found narcotics, which Defendant Officers unlawfully attributed to Plaintiff.

66.     The Court of Common Pleas of Philadelphia, Criminal Division, concluded that Officer Simpson's account of the discovery of the drugs was not credible.

67.     All of the criminal charges against Plaintiff were dismissed or withdrawn.

68.     Defendant Officers knew, or had reason to know, that the charges against Plaintiff, were false or fabricated, and were based upon evidence Defendant Officers obtained through illegal searches and seizures of Plaintiff's person and the motor vehicle, as described above.

69.     There was no probable cause for the initiation of a criminal proceeding against Plaintiff.

70.     As a result of the malicious prosecution, Plaintiff suffered emotional stress and strain, as well as major financial expenses incurred in his defense of the meritless prosecution, including but not limited to attorney's fees.

**WHEREFORE**, Plaintiff prays for judgment against Defendant Officers, jointly and severally, for compensatory damages, punitive damages, costs, interest, attorney fees pursuant to 42 U.S.C. §1988, and such other relief as the Court deems just under the circumstances.

## COUNT V

### Intentional Infliction of Emotional Distress Against Individual Defendants

71.     Paragraphs 1 through 70 are incorporated herein by reference as if set forth fully.

72.     Defendant Officers's unlawful and excessive use of physical force on Plaintiff, as

well as his subsequent illegal detention, false arrest, and imprisonment, was malicious and intentional.

73. As a direct and proximate result of Defendant Officers's conduct, Plaintiff experienced, and continues to experience, severe emotional distress, mental anguish, humiliation, embarrassment and pain.

**WHEREFORE**, Plaintiff prays for judgment against Defendant Officers, jointly and severally, for compensatory damages, punitive damages, costs, interest, attorney fees pursuant to 42 U.S.C. §1988, and such other relief as the Court deems just under the circumstances.

## COUNT VI

### 42 U.S.C. § 1983 Against the City of Philadelphia

74. Paragraphs 1 through 73 are incorporated herein by reference as if set forth fully.

75. Defendant, City of Philadelphia, developed and maintained policies or customs exhibiting deliberate indifference to the constitutional rights of persons in Philadelphia, which caused the violation of the Plaintiff's rights.

76. It was the policy or custom of defendant, City of Philadelphia, to inadequately supervise and train its police officers, including Defendant Officers, thereby failing to adequately discourage further constitutional violations on the part of its police officers.

77. The City of Philadelphia did not require appropriate in-service training or re-training of officers who were known to have engaged in police misconduct.

78. Defendant City of Philadelphia, as a matter of policy and practice, has with deliberate indifference failed to properly sanction or discipline police officers, including Defendant Officers, who are aware of, and subsequently, conceal violations of constitutional

rights of citizens by other police officers, thereby causing and encouraging police, including Defendant Officers, to engage in unlawful conduct.

79. The actions of defendants, acting under color of state law, deprived Plaintiff of his rights, privileges, and immunities under the laws and Constitution of the United States, in particular, the rights to be secure in his person and property, to be free from the excessive use of force and from malicious prosecution, and to due process.

80. As a result of the above-described policies and customs, police officers of the City of Philadelphia, including the Defendant Officers, believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

81. The above described policies and customs demonstrated a deliberate indifference on the part of policy makers of the City of Philadelphia to the constitutional rights of persons within the City, and were the cause of the violations of Plaintiff's rights alleged herein.

82. By these actions, defendants have deprived Plaintiff of rights secured by the Fourth, Fifth and Fourteenth Amendments of the United States Constitution, in violation of 42 U.S.C. § 1983.

**WHEREFORE**, Plaintiff prays for judgment against defendant, city Of Philadelphia, jointly and severally with Defendant Officers, for compensatory damages, punitive damages, costs, interest, attorney fees pursuant to 42 U.S.C. §1988, and such other relief as the Court deems just under the circumstances.

CB5411

_____

Dated: July 7, 2008

CAROLYN V. BOSTIC, ESQUIRE
Pa. I.D. No. 63294
3 North 2nd Street
3rd Floor
Philadelphia, PA 19106
(215) 765-8777
cwb503@aol.com

Attorney for Plaintiff,
Jason Wilbanks